IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WEYLIN W. ALFORD, <br> (TDCJ #01980499) <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:18-cv-0410 |

**MEMORANDUM AND ORDER**

Weylin W. Alford, a Texas state inmate, has filed a *pro se* petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 2014 state-court conviction for burglary of a habitation with intent to commit assault. The respondent moves for summary judgment on the ground that the petition is barred by the one-year statute of limitations or is a mixed petition. (Docket Entry No. 7). Also pending before the Court are Alford's motion for default judgment, motion for appointment of counsel, and motion to conduct a hearing. (Docket Entry Nos. 11, 12, 13).

Based on careful consideration of the pleadings, the motion, the state-court record, and the applicable law, the Court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

**I.     Background**

Alford is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of his conviction for burglary of a habitation with intent to

commit assault in Harris County Cause Number 1404673. On October 2, 2014, following a jury trial, Alford was sentenced to a 30-year prison term.[1]

On August 25, 2015, the First Court of Appeals of Texas affirmed the trial court's judgment. *Alford v. State*, No. 01-14-00822-CR, 2015 WL 5026147 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). On June 15, 2016, the Texas Court of Criminal Appeals refused Alford's petition for discretionary review. *Alford v. State*, P.D.R. No. 1413-15. Alford did not seek a writ of certiorari in the United States Supreme Court.

On October 19, 2014, Alford challenged his burglary conviction further by filing a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure. *See Ex parte Alford*, Application No. WR-82,655-01. The Court of Criminal Appeals dismissed the application on January 21, 2015, because Alford's conviction was not yet final. *Id.* On June 22, 2016, Alford filed a second state habeas application challenging his burglary conviction. *See Ex parte Alford*, Application No. WR-82,655-02. On October 5, 2016, the Court of Criminal Appeals dismissed the application as non-compliant under Texas Rule of Appellate Procedure 73.1. *Id.*

In a federal petition, executed January 29, 2018, Alford now contends that he is entitled to relief from his conviction under 28 U.S.C. § 2254. He raises the following grounds for relief:

---

[1] In February 2015, Alford was also convicted of aggravated assault against a public servant in Harris County Cause Number 1450840 and sentenced to a consecutive 35-year prison term.

1. Suppression of exculpatory evidence, in violation of *Brady*.[2]

2. Insufficient evidence.

3. Use of perjured testimony, in violation of *Giglio*[3] and the Texas Penal Code.

4. Ineffective assistance of trial counsel.

5. Ineffective assistance of appellate counsel.

6. Trial-court error, because the state trial judge erred in denying Alford his right to self-representation.

(Docket Entry No. 1, at 6–12).

The threshold issue is whether Alford filed his petition too late to permit consideration of his claims.

## II. The Legal Standards

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d

---

[2]*Brady v. Maryland*, 373 U.S. 83 (1963).

[3]*Giglio v. United States*, 405 U.S. 150 (1972).

3

760, 764 (5th Cir. 2000). However, a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. Congress, through AEDPA, has constricted both the nature and availability of habeas review. This Court applies general summary judgment standards to the extent they do not conflict with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Alford is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n 4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This Court broadly interprets Alford's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. The One-Year Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which provides that all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). The statute provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of

> direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

As an initial matter, Alford does not allege facts showing that he was precluded from filing a timely federal habeas corpus petition as the result of state action and none of his claims rely upon a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B) – (C). Likewise, none of Alford's proposed claims implicate a factual predicate that could not have been discovered previously through the exercise of due diligence. *Id.*, § 2244(d)(1)(D).

Because Alford challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Alford's conviction became final on September 13, 2016, when his time to file a petition for a writ of certiorari

expired. *See* SUP. CT. R. 13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment). That date triggered the limitations period, which expired one year later on September 13, 2017. Alford did not file this federal petition until January 29, 2018. Therefore, review is barred by the statute of limitations unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. Alford's state habeas applications, both of which were dismissed, did not toll the limitations period because they were not properly filed. Consequently, Alford's federal habeas petition was due September 13, 2017, and the instant petition is untimely by more than four (4) months.

Alford fails to allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling. The decision to apply equitable tolling is left to the discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). To merit equitable tolling for purposes of AEDPA's statute of limitations, a petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In general, equitable tolling is warranted only in situations where a petitioner is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity

with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007 (1999). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State misled Alford or prevented him from filing within the deadline. Nor does the record support a conclusion that Alford was diligent in pursuing his rights. Alford waited approximately 16 months to file his federal habeas petition following the October 2016 dismissal of his second state habeas application. Waiting to pursue one's claims is not sufficient to excuse a petitioner from the requirement to assert his claims in a timely manner. *Fisher*, 174 F.3d at 715 (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989), for the proposition that "equity is not intended for those who sleep on their rights").

The pleadings disclose no other basis to toll the limitations period. The Court is mindful of the effect a dismissal will have on Alford's ability to have his claims heard by a federal court. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Given Alford's apparent lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Accordingly, he is not entitled to equitable

7

tolling, and his petition will be dismissed as untimely under 28 U.S.C. § 2244(d).

**IV.   No Evidentiary Hearing is Required.**

Alford has requested an evidentiary hearing on his claims. (Docket Entry No. 13). Whether to hold an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). Whether to conduct an evidentiary hearing is within the district court's discretion. *See Williams v. Taylor*, 529 U.S. 420, 436 (2000) (Congress intended "to avoid unneeded evidentiary hearings in federal habeas corpus" proceedings); *Robinson v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999). Under this statute, if an applicant "failed to develop the factual basis of a claim in State court proceedings," then the federal habeas corpus court may hold a hearing if:

> (A)   the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)-(B). An evidentiary hearing is not required if there are "no relevant factual disputes that would require development in order to assess the claims." *Robinson*, 151 F.3d at 268. This Court has been able to resolve all issues raised in this case

by referring to the pleadings and the state-court record. Alford's request for an evidentiary hearing is denied.

## V. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate

9

whether any procedural ruling in this case was correct or whether Alford states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## VI. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Docket Entry No. 7), is **GRANTED**.

2. Alford's motion for default judgment, (Docket Entry No. 11), is **DENIED** as moot.

3. Alford's motion for appointment of counsel, (Docket Entry No. 12), and motion to conduct a hearing, (Docket Entry No. 13), are **DENIED**.

4. The habeas corpus petition filed by Alford, (Docket Entry No. 1), is **DISMISSED** with prejudice as time-barred.

5. Any and all remaining pending motions are **DENIED** as moot.

6. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on **JAN 2 5 2018**.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE